NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| THE UNITED STATES SMALL BUSINESS ADMINISTRATION AS RECEIVER FOR PENNY LANE PARTNERS, L.P., | |
| Plaintiff, | |
| v. | Civil Action No. 08-1405 (GEB) |
| ARTHUR ASCH, | **MEMORANDUM OPINION** |
| Defendant. | |

**BROWN, Chief Judge**

This matter comes before the Court upon Defendant Arthur Asch's ("Defendant") Motion to Dismiss for Lack of Jurisdiction and Plaintiff the United States Small Business Administration as Receiver for Penny Lane Partners L.P.'s ("Plaintiff" or "SBA") Cross-Motion for Default Judgment. The Court has reviewed the parties' submissions and decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will deny Defendant's Motion to Dismiss and deny Plaintiff's Motion for Default Judgment.

**I.   BACKGROUND**

The undersigned appointed the Plaintiff on May 16, 2006, as Receiver during the resolve of the ancillary matter <u>United States v. Penny Lane Partners, L.P.</u>, Civil Action No. 06-1894. The SBA filed the instant complaint on March 17, 2008, "as receiver for Penny Lane Partners, L.P." ("Penny

1

Lane") against Defendant. (Docket Entry No. 1.) An Affidavit of Service for Summons and Complaint served on Defendant was filed on July 8, 2008. (Docket Entry No. 4.) Thereafter, on July 16, 2008, Defendant filed a Motion to Dismiss. (Docket Entry No. 6.) The following day, on July 17, 2008, the SBA filed its request for default. (Docket Entry No. 7.) According to the docket on the Case Management/Electronic Filing System ("CM/ECF"), the Clerk's Office denied Plaintiff's request for Entry of Default "due to motion filed and notice of appearance" that were filed in the matter prior to Plaintiff's request for default. Plaintiff filed a cross motion for default judgment on August 19, 2008. (Docket Entry No. 9.) The Court's consideration of these motions follows.

## II.     DISCUSSION

### A.     MOTION TO DISMISS

Although Defendant failed to file a brief in support of his motion, he seemingly argues that this Court lacks jurisdiction to consider the matter, stating in the motion that "[t]he defendant is not subject to the personal jurisdiction of this court." (Docket Entry No. 6.) Defendant also states in his motion that dismissal is warranted due to the "[f]ailure to file copies of the complaint in the district court for each district in which property is located within [ten] days of being appointed receiver, pursuant to [28 U.S.C. § 754]." (Docket Entry No. 6.) Defendant's attorney also filed a one-page certification, which states that he certifies that Defendant does not reside in New Jersey but rather lives in New York and does not own any real property in New Jersey either. (Docket Entry No. 6-2.)

Plaintiff argues that the Court should not consider Defendant's motion because it is "procedurally defective for failure to comply with the provisions of Local Rule 7.1 and 7.2(a)" insofar as it "offers no evidence to support his motion to dismiss" and because no brief was filed and

no certification was filed stating that a brief is not necessary. (Docket Entry No. 9 at 8.) Plaintiff also argues that should the Court nevertheless consider Defendant's motion, the Court should deny it because the Receivership has personal jurisdiction over the defendant based on nationwide jurisdiction, regardless of Defendant's New Jersey contacts. (Id. at 10.) Plaintiff argues that the Court has ancillary jurisdiction, pursuant to United States v. Penny Lane Partners, L.P., Civil Case No. 06-1894, and this Court's May 16, 2006 Order, which states that "this Court takes exclusive jurisdiction over Penny Lane Partners, L.P. . . . and all of its assets, wherever located."

1.   **Standard of Review**

"[I]n deciding a motion to dismiss for lack of jurisdiction, a court is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff." Ledgestone Assocs., LLC v. Internet Methods, No. 06-567, 2008 U.S. Dist. LEXIS 49081 (D.N.J. June 27, 2008) (quoting Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 457 (3d Cir. 2003)). "If an issue is raised as to whether a court lacks personal jurisdiction over a defendant[, however,] the plaintiff bears the burden of showing that personal jurisdiction exists." Marten v. Godwin, 499 F.3d 290, 295-96 (3d Cir. 2007) (citing Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001)).

The standard to determine personal jurisdiction when a Receiver has been appointed differs from other inquiries regarding personal jurisdiction. As it has been noted, "[t]he purpose of the appointment of a Receiver is to place certain property under the exclusive control of one individual, appointed by and accountable to the court, for as long as is needed to effectuate the final judgment of the court free from interference by other tribunals." O'Leary v. Moyer's Landfill, Inc., 677 F. Supp. 807, 815 (E.D. Pa. 1988) (citation omitted). In addition, a "district court has within its equity

power the authority to protect its jurisdiction over a receivership estate . . . consistent with Federal Rule of Civil Procedure 65" but may limited by statutory and constitutional considerations "which limit the jurisdiction of federal courts." Gilchrist v. Gen. Elec. Capital Corp., 262 F.3d 295, 302 (4th Cir. 2001).

"A receiver appointed in any civil action or proceeding involving property . . . situated in different districts shall . . . be vested with complete jurisdiction and control of all such property with the right to take possession thereof." 28 U.S.C. § 754.  However, the Receiver must "file copies of the complaint and such order of appointment in the district court for each district in which property is located" within ten days of the appointment of the Receiver. Id.  In addition, "[i]n proceedings in a district court where a receiver is appointed for property, real, personal, or mixed, situated in different districts, process may issue and be executed in any such district as if the property law wholly within one district." 28 U.S.C. § 1692.

### 2. Analysis

The Court concludes that despite Defendant's untimely and procedurally defective Motion to Dismiss, jurisdiction over a matter is threshold inquiry that the Court will nevertheless address. The Court notes that its Order dated May 16, 2006, in relation to Civil Action No. 06-1894, United States v. Penny Lane Partners, L.P., states that this Court has continuing jurisdiction in all matters where the SBA acts as Receiver for Penny Lane. In this matter, the SBA brings the instant action, according to the Complaint, in its capacity as Receiver, against Defendant, asserting a breach of contract cause of action in relation to a Limited Partnership Agreement ("LPA") that Defendant signed, agreeing to be a private limited partner in Penny Lane.

It is Plaintiff's burden to prove that personal jurisdiction exists. Plaintiff asserts, and Defendant does not contest insofar as he did not submit a brief in opposition to Plaintiff's motion, that "[w]ithin ten days of the date of the Receivership Court Order, the Receiver filed a copy of the Order and the underlying complaint in district courts throughout the United States." (Docket Entry No. 9 at 14.) Plaintiff also filed three letters as exhibits in support of its opposition to the Motion to Dismiss, each addressed to the respective Clerks of Court for the Western, Eastern, and Northern Districts of New York, all dated May 23, 2006, which indicate that the requirements of 28 U.S.C. § 754 were properly satisfied, and notes in its brief that Defendant is a resident in the Eastern District. (See Docket Entry Nos. 9-6 at 45 to 51 and 9 at 15.) The ten-day requirement was satisfied, given that the Receiver was appointed on May 16, 2006.

Therefore, the Court concludes that it properly has personal jurisdiction over Defendant. Thus, the Court denies Defendant's motion.

B.  **MOTION FOR DEFAULT JUDGMENT**

Plaintiff argues that this Court should grant its Motion for Default Judgment because Defendant failed to timely file his Motion to Dismiss, and because he has failed to "move[] for an extension of time to appear, move and/or answer" in violation of the twenty-day requirement pursuant to Federal Rule of Civil Procedure 12(a)(1) and (4). (Docket Entry No. 9 at 17.) Plaintiff further argues that the Court should conclude that Defendant's Motion to Dismiss is frivolous and for this reason the Court should not exercise its discretion to extend the time to answer. ((Id. at 18) (citing Resolution Trust Corp. v. Ruggiero, 994 F.2d 1221, 1227 (7th Cir. 1993)).) Plaintiff also argues that "[c]ourts in other Districts have held that the filing of a motion to dismiss does not

5

extend the time for filing an answer to an amended complaint, at least in the circumstance where the time for responding to the original complaint has already run." ((Docket Entry No. 9 at 18) (citing Gen. Mills, Inc. v. Kraft Foods Global, Inc., 487 F.3d 1368 (C.A. Minn 2007), decision clarified on rehearing, 495 F.3d 1378 (Fed. Cir. 2007)).)

Defendant failed to file opposition to the Motion for Default Judgment.

### 1.    Standard of Review

Default is governed by Federal Rule of Civil Procedure 55.  FED. R. CIV. P. 55.  Rule 55(a) provides, in relevant part, as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a).  "Thereafter, the plaintiff may seek the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2)." Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, No. 07-1522, 250 F.R.D. 171, 177, 2008 U.S. Dist. LEXIS 28324 (D.N.J. April 7, 2008) (citation omitted).  "The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Super 8 Motels, Inc. v. Kumar, No. 06-5231, 2008 U.S. Dist. LEXIS 28066 (D.N.J. April 1, 2008) (citing Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1983)).

Before entering default judgment, the court "must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." Doug Brady, 250 F.R.D. at 177 (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir.1987) (stating that "we have further required the district court to make explicit findings concerning the factors it must consider

in rendering judgment by default or dismissal, or in declining to reopen such judgment")). "In weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort." Id. (citing Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867-68 (3d Cir.1984)) .

  **2. Analysis**

The Clerk of Court denied Plaintiff's request for an entry of default under Federal Rule of Civil Procedure 55(a), and the Court therefore cannot enter default judgment under Rule 55(b). Husain v. Casino Control Comm'n, No. 07-3636, 265 Fed. Appx. 130, 2008 U.S. App. LEXIS 3700, at *4 (3d Cir. Feb. 20. 2008) (stating that "entry of default by the Clerk under Federal Rule of Civil Procedure 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)"). See also Bank of Nova Scotia v. James, No. 2005-08, 2008 U.S. Dist. LEXIS 79240 (V.I. Oct. 8, 2008); Mims v. McCall, No. 06-4551, 2008 U.S. Dist. LEXIS 43092 (D.N.J. June 2, 2008); 10A Charles Alan Wright, Federal Practice and Procedure § 2682 (2007) (stating that "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)"). Here, the Office of Clerk of Court noted on the Docket that it denied entry of default because Defendant had already filed the Motion to Dismiss. Although the Court has noted that Defendant failed to timely file his motion to dismiss in lieu of answer, Plaintiff likewise failed to request entry of default until the day after Defendant's attorney filed the motion to dismiss.

As a result, the Court concludes that Plaintiff's Motion for Default Judgment is denied.

### III. CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion to Dismiss and denies Plaintiff's Motion for Default Judgment. An appropriate form of Order accompanies this Opinion.

Dated: December 10, 2008

                                                  s/ Garrett E. Brown, Jr.
                                             GARRETT E. BROWN, JR., U.S.D.J.